**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Carlos Jair Ayala Damas,

Petitioner

v.

Todd Blanche, et al,

Respondents

Case No.: 2:26-cv-02202-JAD-NJK

**Order Granting Habeas Petition and Directing Respondents to Provide a Bond Hearing**

[ECF No. 9]

Petitioner Carlos Jair Ayala Damas is a Honduran citizen who entered the United States in 2017. He was convicted of felony "battery constituting domestic violence resulting in substantial bodily harm"[1] in Nevada state court in 2025. When he got out of state prison a year later, Immigration and Customs Enforcement (ICE) detained and initiated removal proceedings against him and he has been in ICE detention at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada, ever since. He has not had a bond hearing, and the government contends that Ayala Damas is detained under 8 U.S.C. § 1226(c), which requires mandatory detention without bond. Ayala Damas states that he requested a bond hearing at his removal proceeding but the immigration judge (IJ) told him that he was ineligible for a bond hearing because he is detained under § 1226(c). Ayala Damas seeks a writ of habeas corpus, alleging that his prolonged detention without a bond hearing violates his due-process rights under the Fifth Amendment of the United States Constitution. Because I find that Ayala Damas's lengthy detention without a bond hearing violates due process and that he is entitled to a bond hearing at

[1] ECF No. 9 at 2.

which the government bears the burden to show by clear-and-convincing evidence that he is a danger or flight risk, I grant the petition and order a bond hearing.

## Discussion

### A. This court has jurisdiction over Ayala Damas's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[2] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[3]

### B. Noncitizen detainees are entitled to due process of law in immigration proceedings.

The government argues that Ayala Damas is not entitled to release on bond or a bond hearing as a statutory matter.[4] The government relies on *Avilez v. Garland*, in which the Ninth Circuit held that under the Supreme Court's holding in *Jennings v. Rodriguez*, noncitizens detained under § 1226(c) are not statutorily eligible for release on bond during the judicial phase of their removal proceedings except when the witness protection textual exception applies.[5] But the Ninth Circuit and the Supreme Court have given no guidance on whether prolonged detention violates a detainee's due-process rights under the Constitution.

In *Demore v. Kim*, in which the Supreme Court rejected a facial challenge to § 1226(c),[6] the Court left open "the question [of] whether prolonged detention under § 1226(c) without a

---

[2] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[3] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[4] ECF No. 12 at 4.

[5] *Id.* (citing *Avilez v. Garland*, 69 F.4th 525, 535 (9th Cir. 2023)).

[6] *Avilez*, 69 F.4th at 527–28.

bond hearing will *at some point* violate an individual detainee's due process rights."[7] In his concurrence, Justice Kennedy explained that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified."[8] And the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional" or that our country's founders would approve of this practice.[9] So the government's argument that Ayala Damas should not get a bond hearing because he is not statutorily entitled to one is not dispositive because he contends that the Constitution, not the statute, demands that he get a hearing. The government also fails to address *Martinez v. Clark*, in which the Ninth Circuit endorsed the district court's decision to order a bond hearing for a § 1226(c) detainee under the Due Process Clause.[10]

"The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."[11] But the amount of process due to noncitizens "must account for the government's countervailing interests in immigration enforcement—considerations that do not apply to U.S. citizens."[12] Courts in this district apply the three-factor test outlined in the Supreme Court case *Mathews v. Eldridge*[13] to determine whether a noncitizen's procedural due-

---

[7] *Black v. Decker*, 103 F.4th 133, 142 (2d Cir. 2024).

[8] *Demore*, 538 U.S. at 532 (Kennedy, J., concurring).

[9] *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018).

[10] *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).

[11] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205 (9th Cir. 2022) (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)).

[12] *Id.* at 1206.

[13] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

process rights have been violated in immigration-detention situations like this one.[14] Under *Mathews*, courts must consider "*first*, the private interest that will be affected by the official action; *second*, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and *finally*, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[15]

**C. Ayala Damas's seven-month detention without due process warrants relief.**

Ayala Damas contends that he was not given adequate due-process protections to challenge his detention as he has not had a bond hearing.[16] The government takes the position that Ayala Damas is not entitled to a bond hearing because he is detained under § 1226(c) and, even if he were entitled to a hearing, the *Mathews* factors do not support his request for relief.

"An individual's private interest in freedom from prolonged detention is unquestionably substantial."[17] But when evaluating Ayala Damas's interests under the first prong, the court "cannot simply count his months of detention and leave it at that."[18] It must also consider "the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order."[19]

[14] *Morales v. Mullin*, 2026 WL 1623189, at *3 (D. Nev. June 5, 2026) (using the *Mathews* test to determine if the due-process rights of a person detained under § 1226(c) were violated); *De Leon v. Mayorkas*, 2024 WL 343437, at *2 (D. Nev. Jan. 29, 2024) (same).

[15] *Mathews*, 424 U.S. at 335 (cleaned up).

[16] ECF No. 9 at 4.

[17] *Rodriguez Diaz*, 53 F.4th at 1207.

[18] *Id.* at 1208.

[19] *Id.*

The government analogizes this case to *Rubin v. United States Immigration and Customs Enforcement Field Office Director*.[20] In that case, the plaintiff was subject to mandatory detention under § 1226(c), and an immigration judge denied release on bond and ordered him removed.[21] The plaintiff then filed numerous appeals to the Board of Immigration Appeals (BIA) and the Ninth Circuit.[22] The government argues that Ayala Damas and the plaintiff in *Rubin* are similarly situated because Ayala Damas has "repeatedly challenged his removal order in the BIA and the Ninth Circuit."[23] It asserts that "[a]lthough DHS has detained Petitioner for over five years, the prolonged nature of his detention is a direct result of his own decision to challenge his removal order."[24]

But this is not true. According to Ayala Damas's Forms I-200 and I-862 that the government attached to its response, he has been in detention since March of 2026, not for five years.[25] Ayala Damas has appealed his removal order at the BIA,[26] but he has not repeatedly challenged his removal order in the BIA and the Ninth Circuit as the government represents. The government appears to have gotten Ayala Damas mixed up with someone else and thus is left without an argument for why the first *Mathews* factors doesn't weigh in Ayala Damas's favor. And the fact that Ayala Damas has been detained for seven months without any bond

[20] ECF No. 12 at 7.

[21] *Id*. at 7–8 (citing *Rubin v. U. S. Immigr. and Customs Enf't Field Off. Dir.*, 2024 WL 3431914, at *2 (W.D. Wash. 2024)).

[22] *Rubin*, 2024 WL 3431914, at *2–*3.

[23] ECF No. 12 at 9.

[24] *Id.*

[25] ECF No. 12-1 at 2–3.

[26] ECF No. 13 at 5.

hearing further distinguishes his case from *Rubin*, in which the petitioner did have a bond hearing. So I find that the deprivation of Ayala Damas's liberty interest weighs in favor of relief.

There is a substantial risk of erroneous deprivation of Ayala Damas's interests due to the government's reliance on § 1226(c)'s mandatory-detention scheme. The government again relies on *Rubin*, arguing that because Ayala Damas "has already had an opportunity to contest the charges of his deportability," the "risk of an erroneous deprivation of his liberty interest and the value of additional procedures are very low."[27] But the opportunity to contest deportability is not the same as an opportunity to seek release on bond. The government does not deny that the IJ told Ayala Damas that he is ineligible for a bond hearing because he is detained under 1226(c) and does not contend that he had an individualized bond hearing at which the burden was on the government to show that he is dangerous or a flight risk. He has been detained for seven months while his removal proceedings have been pending, and throughout that time he has had no opportunity to seek bond. I thus find that Ayala Damas faces a severe risk of erroneous deprivation of his liberty interest absent these procedures, so the second *Mathews* factor also weighs in favor of habeas relief.

It is undisputed that the government has a strong interest in enforcing immigration law, protecting the public from "dangerous criminal" noncitizens, and securing the removal of noncitizens who are subject to final orders of removal.[28] But given that Ayala Damas has not had an opportunity to seek bond, I cannot conclude that the government's interests outweigh the petitioner's in this case. The parties' interests are not mutually exclusive: the government's interest in enforcing immigration law and protecting the public from dangerous noncitizens can

---

[27] ECF No. 12 at 10.

[28] *Rodriguez Diaz*, 53 F.4th at 1208.

still be served while also providing due-process protections to the noncitizens in its custody. Indeed, the IJ can assess the noncitizen's dangerousness or lack thereof in a constitutionally adequate bond hearing. So I hold that the government violated Ayala Damas's due-process rights when it deprived him of a bond hearing for seven months.

**D. DHS must give Ayala Damas a bond hearing, at which the burden will be on the government.**

To redress his constitutionally deficient detention, Ayala Damas asks for "a constitutionally adequate bond hearing . . . at which the Respondents bear the burden of justifying Mr. Ayala Damas's detention by clear-and-convincing evidence."[29] While the Ninth Circuit ruled in *Rodriguez Diaz v. Garland* that the government does not bear the burden in a second bond hearing, the Ninth Circuit subsequently held in *Martinez v. Clark* that the burden is on the government to prove by clear-and-convincing evidence that a noncitizen is a danger to the community or a flight risk in an initial bond hearing.[30] Courts in this district have held that that the government bears the burden in § 1226(a) cases in which detainees never received a bond hearing.[31] I find that reasoning persuasive here because, like the § 1226(a) petitioners from earlier this year, Ayala Damas never received an initial bond hearing. So I find that the risk of erroneous deprivation of Ayala Damas's liberty interest is high without a bond hearing, and I conclude that the burden at that hearing should be on the government to show that he is a threat or a flight risk.

---

[29] ECF No. 9 at 11 (cleaned up).

[30] *Romero Estrada v. Mattos*, 2026 WL 996929, at *3 (D. Nev. Apr. 13, 2026) (citing *Rodriguez*, 53 F.4th at 1203, and *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024)).

[31] *Id.* at *4 (collecting cases).

**E. Release is not the appropriate remedy at this time.**

Ayala Damas argues that his detention was void from the outset because the government failed to conduct an initial custody determination and prepare and serve a corresponding Form I-286.[32] He relies on *Alberto v. Mattos*, a case from this district in which the petitioner was released because his arrest and detention under § 1226 violated due process, rendering detention his unconstitutional.[33] But that case dealt with a petitioner who was discretionarily detained under § 1226(a) and was a *Jacobo-Ramirez* class member.[34] The appropriate remedy here is a constitutionally adequate bond hearing, not release, because § 1226(a)'s regulations and the *Jacobo-Ramirez* declaratory judgment do not apply to Ayala Damas.

Ayala Damas also argues that § 1226(c)(1)(B) is unconstitutional as applied to his conviction because of a "lack of established factual basis" for it.[35] He contends that he was charged for pushing his partner but that "no factual basis for the alleged 'substantial bodily harm' is contained in the information, plea, or judgment."[36] He relies on *Osorio v. Blanche*, in which the district court ordered a constitutionally adequate bond hearing for a petitioner detained under § 1226(c) after being charged with grand theft.[37] A bond hearing will give Ayala Damas the opportunity to argue that his conviction does not inherently make him dangerous or a flight risk, and an IJ will be able to weigh that evidence. So release is not warranted.

---

[32] ECF No. 9 at 6.

[33] *Id*. (citing *Alberto v. Mattos*, 2026 WL 1847394, at *7 (D. Nev. June 26, 2025)).

[34] *Alberto*, 2026 WL 1847394, at *7.

[35] ECF No. 9 at 14.

[36] Id.

[37] ECF No. 9 at 8–9 (citing *Osorio v. Blanche*, 2026 WL 1481555, at *6 (D. Nev. May 27, 2026)).

## Conclusion

IT IS THEREFORE ORDERED that petitioner Carlos Jair Ayala Damas's amended petition for a writ of habeas corpus **[ECF No. 9] is GRANTED in part**. Respondents must schedule a bond hearing for Ayala Damas with an immigration judge within the next 21 days, at which the burden will be on the government to show that he is a danger to the community or a flight risk. If the respondents do not provide a bond hearing within 21 days, they must release Carlos Jair Ayala Damas from detention by 5:00 p.m. PDT on the 22nd day following entry of this order. The amended petition is otherwise denied.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

The Clerk of Court is directed to **CLOSE THIS CASE**.

U.S. District Judge Jennifer A. Dorsey
October 9, 2026